# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONNA PARKER,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>    Defendant. | 8:16CV00199<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant's Motion to Partially Exclude Opinions of John Bonsell and Russell Kendzior, ECF No. 85. For the reasons discussed below, the Defendant's Motion will be denied, without prejudice to assertion of objections at trial.

## BACKGROUND

On the morning of May 28, 2015, Plaintiff Donna Parker ("Parker") sustained injuries from a fall at the Department of Veterans Affairs Hospital in Omaha, Nebraska ("VA Hospital"). Parker, who was using a walker, alleges that a floor mat in the VA Hospital vestibule caused her to trip and fall.

Parker claims the Government is responsible for her trip-and-fall based on a theory of premises liability.[1] The Government seeks to preclude Parker from offering certain opinions of her designated experts, John Bonsell and Russell Kendzior, at the bench trial, asserting that such opinions should be barred under the evidentiary principles established in *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).

---

[1] The Court has jurisdiction over Parker's claim pursuant to 28 U.S.C. § 1346(b)(1).

## STANDARD OF REVIEW

Federal Rule of Evidence Rule 702 allows for the admission of expert opinions. Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

In light of *Daubert,*, and *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999),[2] this Court must screen proffered expert testimony for relevance and reliability. *See Bland v. Verizon Wireless, (VAW) L.L.C.,* 538 F.3d 893, 896 (8th Cir. 2008). A reliable opinion must be based on scientific methodology rather than on subjective belief or unsupported speculation. *See Turner v. Iowa Fire Equip. Co.,* 229 F.3d 1202, 1208 (8th Cir. 2000). In assessing reliability, the Court should consider factors including whether the proposed expert's theory, methodology or technique: 1) can be and has been tested; 2) has been subjected to peer review; 3) has a known or potential rate of error; and 4) is generally accepted by the relevant community. *Bland*, 538 F.3d at 896. This list of factors is not exclusive, and this Court is allowed "great flexibility" in its analysis. *Jaurequi v. Carter Mfg. Co.,* 173 F.3d 1076, 1082 (8th Cir. 1999).

---

[2] The Supreme Court has held that *Daubert* applies to all expert testimony, not only scientific expert testimony. *Kumho Tire Co.,* 526 U.S. at 141.

The expert's information or opinion must also "assist" the trier of fact in understanding or determining a fact in issue. Fed. R. Evid. 702(a). "This condition goes primarily to relevance." *Daubert*, 509 U.S. at 591.

Furthermore, throughout the Court's assessment of the admissibility of an expert's opinion, *Daubert* makes clear that the Court "should also be mindful of other applicable rules," such as Fed. R. Evid. 403,[3] which states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the [finder of fact], undue delay, wasting time, or needlessly presenting cumulative evidence.

## DISCUSSION

Referring to the expert reports of John Bonsell and Russell Kendzior, the Defendant objects to five opinions of Bonsell and three opinions of Kendzior that the Defendant contends are speculative, irrelevant, unreliable, unsupported, and subjective. The Defendant also contends that the testimony of the two proffered experts is cumulative, and Parker should be required to select only one to testify.

Parker contends that the Defendant has taken excerpts from the experts' opinions out of context. She requests the opportunity to present the experts' qualifications, explain their methodology and how it applies to the facts of the case, and

---

[3] *Daubert*, 509 U.S. at 595; *see also United States v. Kime*, 99 F.3d 870, 884 (8th Cir. 1996) (quoting *Daubert*, 509 U.S. at 595):

> *Daubert* makes it clear that when assessing the admissibility of proffered scientific expert testimony under Rule 702, the trial court must also take into account the interplay of other relevant rules of evidence, such as Rule 403: "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.

demonstrate the reliability of their methodology and its application, before the Court issues any order in limine precluding the testimony.

While the Court is skeptical that the opinions listed in the Defendant's Brief in support of its Motion "will help the trier of fact to understand the evidence or to determine a fact in issue," the trier of fact in this case will be the undersigned judge. Accordingly, it is not necessary for the Court to act as a gatekeeper to prevent the trier of fact from hearing, and being prejudiced by, unreliable, irrelevant, or speculative expert testimony. At the time of trial, the Court may accept or reject the proffered opinions after engaging in the analysis suggested by *Daubert*.

IT IS ORDERED:

The Defendant's Motion to Partially Exclude Opinions of John Bonsell and Russell Kendzior, ECF No. 85, is denied, without prejudice to assertion of objections at trial.

Dated this 30th day of January, 2018.

BY THE COURT:

s/Laurie Smith Camp  
Chief United States District Judge